IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IVAN RAY BEGAY,
    Petitioner,

vs.                                         Case No. 5:11cv230/RS/CJK

UNITED STATES OF AMERICA, et al.,
    Respondents.
_____

## REPORT AND RECOMMENDATION

    Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the record in petitioner's underlying criminal case.  (Doc. 9).  Petitioner has replied (doc. 10) and filed several motions, variously titled, but seeking the same relief –  release from prison.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

    Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the District of Arizona ("Arizona District Court") in *United States*

*v. Begay*, Case Number 3:00cr1222/PCT/PGR. (Doc. 9, Ex. 3). In Case No. 3:00cr1222, petitioner entered a counseled guilty plea to eight counts of aggravated sexual abuse on two women on a Navajo Indian reservation. (*Id*.). Petitioner was adjudicated guilty and sentenced on September 18, 2001, to 302 months imprisonment followed by supervised release. (*Id*.). Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. Begay*, 43 F. App'x 63 (9th Cir. 2002).

In 2010, petitioner filed a motion under 28 U.S.C. § 2255 in the Arizona District Court, seeking to set aside his guilty plea on the grounds that the court lacked jurisdiction over him as a member of the Navajo Tribe. (Doc. 9, Ex. 5). On March 7, 2011, the Arizona District Court dismissed petitioner's § 2255 motion as time-barred. *United States v. Begay*, 2011 WL 833966 (D. Ariz. Mar. 7, 2011) (copy at Doc. 9, Ex. 8). The court further noted that petitioner's claim – that he was being held illegally in federal custody and that his conviction and sentence were void because the United States has no constitutional authority to criminally prosecute members of the Navajo Nation – was meritless as a matter of law. *Id.* The Arizona District Court denied a certificate of appealability. *Id.* Petitioner did not move in the Ninth Circuit for a certificate of appealability.

On June 29, 2011, petitioner initiated this federal habeas proceeding by filing a § 2241 petition in this Court. Although petitioner alleges several "grounds" in support of his challenge, they all stem from the same underlying argument – that petitioner's conviction and sentence are void because the United States has no constitutional authority to criminally prosecute members of the Navajo Nation. (Doc. 1, pp. 2-6). As relief, petitioner seeks the following:

> To enforce the Navajo Treaty laws, and to remand the case, and

Writ to Secretary of Interior, for Indian Affairs, Commissioner of Indian Affairs, in Washington D.C. for a Final Administrative Decision, also to be Parole, and transfer to Navajo Nation Jurisdiction. To reverse Custody, any decision made by U.S. President is concurrent with Indian Commissioner decisions.

(*Id.*, p. 6).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."); *Sawyer v. Holder*, 326 F.3d 1353, 1365 (11th Cir. 2003) ("Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255."); *see also Chambers v. United States*, 106 F.3d 472, 474-75 (2nd Cir. 1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). Direct review of a federal conviction and sentence is obtained by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court of conviction. *Sawyer*, 326 F.3d at 1365; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Under limited circumstances, § 2255 permits a federal prisoner to file a habeas petition under § 2241. 28 U.S.C. §§ 2241(a), 2255. Section 2255(e) provides:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).  The italicized language, known as the "savings clause," allows habeas corpus review of a claim, but only in the following circumstances:

> The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  The savings clause applies only if the petitioner has satisfied all three elements.  *Id.*  This showing is significant, because a prisoner does not "open the portal" to a § 2241 proceeding until he has demonstrated that the savings clause applies to him.  *Id.* at 1244 n. 3; *McGhee*, 604 F.2d at 10. ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.").

Here, petitioner's claims are § 2255 claims, because petitioner challenges the validity of his conviction and sentence as imposed, not how his sentence is being executed.  Petitioner has made no showing that his claims meet the three-prong test in *Wofford*.  The unavailability of relief under § 2255 because of a statute of limitations bar, the prohibition against a second or successive § 2255 motion, or a procedural bar, does not demonstrate that the § 2255 remedy is inadequate or ineffective.  *Wofford*, 177 F.3d at 1245 (holding that the savings clause "does not

exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241."). Because petitioner has not demonstrated the inadequacy of the § 2255 remedy, he should not be permitted to bring his claims by § 2241. *See, e.g,. Wofford* at 1245 (applying the *Wofford* criteria to a claim that the trial court lacked jurisdiction over petitioner's underlying criminal conviction).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED with prejudice, as petitioner has not demonstrated entitlement to proceed under that section.

2. That all pending motions be DENIED as moot.

3. That the Clerk be directed to close the file.

At Pensacola, Florida, this 24th day of January, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).